JOANOS, Judge.
Eastern Airlines and Reliance Insurance Company have appealed an order of the judge of compensation claims alleging error because the judge of compensation claims denied their apportionment defense, and because medical treatment was awarded without the terms thereof being specified. As to the latter issue, we affirm. The judge’s order specifically delineates the treatment the cost of which is to be borne by the appellants. However, as to the rejection of appellants’ apportionment defense, we reverse and remand for further proceedings.
Claimant Kennedy worked for Eastern Airlines for twelve years in various capacities, most recently as a ticket agent whose duties included repetitive lifting of heavy luggage. It was undisputed that, for the nine years preceding September 1987, when Kennedy left her job due to increasing pain in her back, wrists and feet, she *1245 had been under the care of a rheumatologist for treatment of degenerative arthritis.
Two hearings were held on Kennedy’s claim for permanent total disabilty benefits. The first, in February 1989, was restricted to the issue of compensability, although appellants had already asserted an apportionment defense. Appellants specifically reiterated the defense at the commencement of the second hearing in April 1989, when their counsel stated that, “as an alternative defense, ... should the Court find permanent total disability ..., benefits should be apportioned due to [claimant’s] pre-existing arthritic condition.”
The judge nevertheless interrupted appellants’ subsequent cross examination of the claimant as to her prior medical history to state: “I am not going to rule on apportionment at this hearing.... That’s going to be a separate hearing.” Counsel acquiesced and did not pursue the issue further. In his order finding Kennedy permanently totally disabled, the judge “specifically rejected] any apportionment, as there was no evidence presented.”
Section 440.15(5)(b), Florida Statutes (1987) provides that, if a compensable permanent impairment is the result of the aggravation of a preexisting condition, benefits therefor should exclude the degree of impairment existing at the time of the industrial accident. The appellants clearly argued the applicability of this provision, but presented no supporting factual evidence following the judge’s explicit statement that he intended to hold a separate hearing on the issue. In light of this ruling, it was error to deny the defense based on the lack of evidence. We therefore reverse, and remand for further proceedings directed solely to appellants’ apportionment defense.
Affirmed in part, reversed in part and remanded with directions.
SHIVERS, C.J., and MINER, J., concur.